# In the United States Court of Federal Claims

No. 16-829
Filed: October 20, 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, | |
| Plaintiff, | Amended Complaint |
| v. | RCFC 15(a)(2) |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| VERIZON DEUTSCHLAND GMBH., | |
| Defendant-Intervenor. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

On July 12, 2016, Plaintiff filed a Complaint in the United States Court of Federal Claims. On August 11, 2016, Plaintiff filed a Motion For Judgment On The Administrative Record. On August 23, 2016, the Government and the Defendant-Intervenor filed Responses and Cross Motions For Judgment On The Administrative Record.

On September 15, 2016, the court convened an Oral Argument on the Motions For Judgment On The Administrative Record. During the oral argument, the undersigned Judge recommended that Plaintiff amend the July 12, 2016 Complaint so that the Counts contained therein include the procurement statutes that the Complaint alleges were violated by the Government.

On September 29, 2016, Plaintiff filed a Motion For Leave To File An Amended Complaint, attaching an Amended Complaint as an exhibit. Rule 15(a)(2) of the Rules of the United States Court of Federal Claims provides that a party may amend its pleading by the leave of the court. The court's leave should be freely given when justice so requires. *See* RCFC 15(a)(2). The existence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" may justify the denial of a motion for leave to amend. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

      In this case, Plaintiff requests leave to cite to the relevant procurement statutes that are alleged as being violated by the Government. These statutes were referenced elsewhere in the July 12, 2016 Complaint but were not contained within the Counts. Plaintiff has shown no bad faith or undue delay in making this amendment. Allowing Plaintiff to make this amendment would not unduly prejudice the Government or the Defendant-Intervenor. Finally, allowing this amendment would not be futile, because this case is ongoing.

      Pursuant to Rule 15(a)(2) of the Rules of the United States Court of Federal Claims, the court **grants** Plaintiff's September 29, 2016 Motion For Leave To File An Amended Complaint.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**