# In the United States Court of Federal Claims

No. 16-829

Filed: November 14, 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC | |
| Plaintiff, | Bid Protest; |
| | Temporary Restraining Order |
| v. | Rules Of The United States Court Of |
| | Federal Claims ("RCFC") 65 (c), (d). |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| VERIZON DEUTSCHLAND GMBH, | |
| Defendant-Intervenor. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Shelly Lynn Ewald**, Watt, Tieder, Hoffar, & Fitzgerald, LLP, McLean, Virginia, Counsel for Plaintiff.

**Robert C. Bigler**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Jonathan D. Shaffer**, Smith Pachter McWhorter PLC, Tysons Corner, Virginia, Counsel for the Defendant-Intervenor.

**MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER**

**I.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]**

On October 22, 2015, the Defense Information Systems Agency ("DISA") issued Solicitation HC1021-15-T-3033 ("the Solicitation") for the installation and maintenance of an STM 64, AU4 Structured, High Availability Telecommunications Circuit ("the circuit") between Wiesbaden, Germany, and Arifijan, Kuwait.  AR Tab 5, at 150.

---

[1] The facts discussed herein were derived from the July 20, 2016 Administrative Record ("AR Tabs 1–31," at 1–1253), the September 29, 2016 Amended Complaint ("Amend. Compl."), and the Court Exhibit attached to this Opinion ("Court Exhibit 1").

Level 3 Communications, LLC ("Level 3") and Verizon Deutschland GmbH ("Verizon"), both submitted quotations by the October 28, 2015 submission deadline. AR Tab 14, at 498. On March 8, 2016, Verizon was selected for an award. AR Tab 16B, at 533.

On July 12, 2016, Level 3 filed a: Complaint ("Compl.") in the United States Court of Federal Claims under seal; a Motion For Preliminary Injunction; a Memorandum In Support Of Motion For A Preliminary Injunction, under seal; a Motion For Protective Order; a Motion To Seal The Complaint And Memorandum In Support Of Motion For A Preliminary Injunction; a Notice Of Related Case (stating that Level 3 was unaware of any related cases pending before the court); and a Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC") Disclosure Statement. The Complaint alleged that award to Verizon, instead of Level 3, was arbitrary, capricious, and contrary to law, and sought relief in the form of the issuance of a permanent injunction and declaratory judgment terminating the contract award to Verizon. Compl. at 22.

On July 13, 2016, the court convened a telephone status conference with the parties. That same day, Verizon filed an Unopposed Motion To Intervene that the court granted. That same day, the court also granted Level 3's July 12, 2016 Motion For A Protective Order. On that same day, Level 3 filed, under seal, a Motion For Temporary Restraining Order and attached a Memorandum In Support.

On July 14, 2016, the parties filed a Proposed Schedule. That same day, the court issued a Scheduling Order.

On July 20, 2016, the Government filed an Opposition To Level 3's Motion For A Preliminary Injunction And Appendix. That same day, the Government also filed the Administrative Record, under seal. On July 22, 2016, Level 3 filed, under seal, a Brief In Reply To Defendant, Defense Information Systems Agency's ("DISA") Opposition To Plaintiff's Motion For A Preliminary Injunction and attached a July 21, 2016 Declaration of John Shuttleworth, Senior Director of Sales Engineers for Level 3 and a July 21, 2016 Declaration of Robert A. Crinks, President of 89Degree Networks, LLC (Level 3's subcontractor).

On August 11, 2016, Level 3 filed a Motion For Judgment On The Administrative Record And For Permanent Injunction and attached a Memorandum Of Law In Support ("Pl. Mem."). On August 23, 2016, the Government filed a Response To Plaintiff's Motion For Judgment On The Administrative Record And Cross Motion For Judgment On The Administrative Record ("Gov't Resp.") and attached an Appendix. In the August 23, 2016 Response, the Government represented that Verizon would not begin performance until December 1, 2016. Gov't Resp. at 25 ("In contrast to Level 3's failure to put forward any claim of irreparable harm, the Government would be significantly harmed if the Court enters an injunction preventing Verizon from proceeding with preparation for its contract *so that it can begin performance on December 1, 2016*." (emphasis added)). That same day, Defendant-Intervenor filed a Response ("D.I. Resp.").

On August 29, 2016, Level 3 filed a Reply ("Pl. Reply").

On September 2, 2016, Defendant-Intervenor filed a Reply ("D.I. Reply"). On that same day, the Government also filed a Reply. ("Gov't Reply").

2

On September 15, 2016, the court convened an Oral Argument on the parties' Cross-Motions For Judgment On The Administrative Record. During the Oral Argument, and in response to the court's questioning about the current status of the contract, the Government represented that Verizon was preparing to perform on December 1, 2016:

> [THE COURT]: So tell me what's happening right now. Verizon has the contract. What are they doing? He's going to know more than you will.
> [THE GOVERNMENT]: No, I know, Your Honor. *Verizon, right now, is preparing to perform on December 1st.*

9/15/2016 TR at 40 (emphasis added).

In response to the court's further questioning on the matter, the Government again represented that "Verizon will be ready on December 1st." 9/15/2016 TR at 42.

On November 9, 2016, the court's law clerk sent an e-mail to the parties to inquire as to whether Verizon still intended to begin performance of the contract on December 1, 2016. Court Exhibit 1. On November 10, 2016, the Government responded that: "Verizon was able to complete the circuit ahead of schedule and the Government accepted the circuit and began using the circuit on November 1, 2016." Court Exhibit 1.

On November 14, 2016, the court convened a hearing to discuss the current status of the contract. During the hearing the Government represented that, performance under the contract had been allowed to commence, and that, on November 1, 2016, the Government accepted a complete circuit from Verizon. The Government confirmed that it failed to inform either the court or Level 3 that performance was allowed to commence prior to December 1, 2016, as previously represented.

## II. DISCUSSION.

On July 13, 2016, Level 3 requested a temporary restraining order to prohibit the Government from proceeding with performance under the contract awarded to Verizon.

On a motion for temporary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 134748 (Fed. Cir. 2005). "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

With respect to the first factor, the record establishes that Level 3 now has suffered an irreparable competitive injury, because the Government allowed performance of the contract to commence prior to November 1, 2016, although the court was advised by the Government, both orally and in writing, that performance of the contract would not commence until December 1, 2016. Since the Government owes compensation to Verizon for completion of the circuit and services rendered under a contract that Level 3 contends was unlawfully awarded, Level 3 has

been deprived of potential profits.  *See Hosp. Klean of Tex., Inc. v. United States*, 65 Fed. Cl. 618, 624 (2005) ("Here, absent injunctive relief, [the protester] will lose the opportunity to earn the profit it would have made under this contract.").  This injury constitutes irreparable harm.  *See Furniture by Thurston v. United States*, 103 Fed. Cl. 505, 520 (2012) ("The court has repeatedly held that the 'the lost potential profits' from a government contract constitutes irreparable harm.").

With respect to the second factor, Level 3 has demonstrated likelihood of success on the merits.  Under the terms of the October 22, 2015 Solicitation, the contract was to be awarded to the "lowest price quote" that also was determined to "be technically acceptable and otherwise properly awardable."  AR Tab 5, at 150.  Level 3 submitted the lowest price quote, valued at a total of $60,128,000.  AR Tab 14, at 498.  Level 3 did not receive award, however, because its offer was deemed not to be technically acceptable.  Level 3 argues that DISA's decision to deem them not technically acceptable was arbitrary, capricious, and contrary to law and that the subsequent decision to award the contract to Verizon violated procurement statutes and regulations, including the Competition In Contracting Act (CICA) and the Federal Acquisition Regulation (FAR) Part 15.[2]  Amend. Compl. ¶ 101. The Administrative Record and the September 15, 2016 argument have demonstrated a likelihood of success.

With respect to the third factor, the public interest will not be severely injured by a temporary restraining order.  The Government contends that that there is a strong public interest in avoiding interference with the procurement process of federal agencies.  *See JDL Const., Inc v. United States*, 14 Cl. Ct. 825 (1988) ("[The United States Court of Federal Claims] should not lightly interfere with a government procurement.").  Level 3 contends, however, that it is not in the public interest to allow DISA to incur the significantly more expensive costs of allowing Verizon to commence performance, while the protest is pending.[3]

In addition, Level 3 argues that there is an "overriding public interest in preserving the integrity of the procurement process by requiring the Government to follow its procurement regulations."  Pl. Mem. at 24 (citing *Gentex Corp. v. United States*, 58 Fed. Cl. 634, 648 (2003)).  This interest is particularly compelling in this case, where the Government also has mislead the court and withheld the fact that performance of the contract was allowed to commence contrary to prior written and oral representations.

With respect to the fourth factor, the Government argues that it would suffer "severe harm," if it was restrained from allowing performance to proceed, because DISA requires increased bandwidth to better support military missions.  Gov't Resp. at 25.  This may be so, but it is not outweighed by the fact that Level 3 has suffered irreparable competitive injury, this injury is ongoing, and that the Government's conduct was misleading and likely sanctionable under RCFC

---

[2] The September 29, 2016 Amended Complaint also alleges that Verizon's price quote was unresponsive to the terms of the solicitation and that DISA's award decision was arbitrary, capricious, and contrary to law for that additional reason.  Amend. Compl. ¶ 101.

[3] Level 3 quoted a price of $60,128,000.00 for five years of performance, and Verizon quoted a price of $98,664,800.00 for five years of performance.  AR Tab 14, at 498.  The difference between the two price quotes is $38,536,800.

11—an issue that the court will return to when a Memorandum Opinion And Order are issued on the pending Cross-Motions For Judgment On The Administrative Record.

### III. CONCLUSION.

Accordingly, for the reasons set forth herein, it is hereby ordered that: the United States of America, the Defense Information Systems Agency, and their officers, agents, servants, employees, and representatives are Temporarily Restrained from allowing Verizon Deutschland GmbH to continue performance under the Circuit Demand IQO Contract, No. HC1021-16-M-0012, or any other procurement contract or vehicle associated with this bid protest, until the court issues a Memorandum Opinion And Order on the pending Cross-Motions For Judgment On The Administrative Record. Because of the circumstances discussed herein, Level 3 Communications, LLC need not need not issue a security. *See* RCFC 65(c).

In the interim, the Government is ordered to submit, by close of business on November 18, 2016, documentation of the work that has been performed by Verizon Deutschland GmbH to date under the above referenced contract or any other procurement contract or vehicle associated with this bid protest, together with any amount that has been paid or due to Verizon Deutschland GmbH.

**IT IS SO ORDERED.**

s/ Susan G. Braden  
**SUSAN G. BRADEN,**  
*Judge*